**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

JAMES W. RILEY,
et. al.,

        Plaintiffs,

v.                                          Civil Action No. 11-2244-EFM-DJW

UNITED STATES OF AMERICA,

        Defendant.

## MEMORANDUM AND ORDER

Pending before the Court is Defendant's Motion to Compel Discovery (ECF No. 38). Defendant seeks an order under Fed. R. Civ. P. 37(a) compelling Plaintiffs to provide complete answers to its First Set of Interrogatory Nos. 5-6, 8-9, 12-16, and 20-21 to James Riley, and First Set of Interrogatory Nos. 5-6, 8-9, 12-16, and 19 to Margaret Riley. Defendant also seeks an order compelling Plaintiffs to produce documents responsive to its First Requests for Production Nos. 4-7 and 9 to James Riley, and Request Nos. 3-6 and 8 to Margaret Riley. As explained in more detail below, Defendant's motion to compel is granted in part and denied in part.

**I.  Factual Background**

This case arises out of an automobile accident on February 3, 2010 in Garden City, Kansas. The accident involved Plaintiffs James and Margaret Riley in a Chevrolet Suburban, and Matthew Weimer, an employee of Defendant's Office of Personnel Management, in a Chevrolet Malibu. In their Amended Complaint (ECF No. 11), Plaintiffs allege that Mr. Weimer, while in the course and scope of his employment with Defendant, negligently caused the accident when he failed to yield the right-of-way to Plaintiffs' vehicle, which Plaintiff James Riley was driving.

According to Plaintiffs, the resulting collision resulted in physical and emotional injuries to both of them. Plaintiff James Riley seeks damages for bodily injuries to his chest, legs, knees, and elbows, shoulders, scapula, ribs, sternum, hips, pelvis, and sacrum, including fractures and scarring. Plaintiff Margaret Riley seeks damages for bodily injuries to her head, knees, chest, neck, abdomen, and pelvis, including scarring. Plaintiffs have claimed economic damages relating to their medical care, treatment, and loss of income, as well as non-economic damages for diminished enjoyment of life, pain and suffering, and loss of consortium.

On November 14, 2011, Plaintiff James Riley served his answers and responses to Defendant's First Set of Interrogatories and First Request for Production of Documents to Plaintiff James Riley.  Plaintiff Margaret Riley also served her answers and responses to Defendant's First Set of Interrogatories and First Request for Production of Documents to Plaintiff Margaret Riley on November 14, 2011.  On November 23, 2011, Defendant sent Plaintiffs a 24-page "Golden Rule" letter, setting out its specific concerns to Plaintiffs' objections.  Plaintiffs responded with their own 10-page letter on November 29, reiterating their objections and suggesting temporal and scope limitations for Defendant's discovery. On November 29, 2011, counsel for Plaintiffs responded to Defendant's letter and Plaintiff James Riley served his first supplemental interrogatory answers.  On December 13, 2011, Plaintiff James Riley served his second supplemental interrogatory answers and Plaintiff Margaret Riley served her first supplemental interrogatory answers.  Both Plaintiffs also served their first supplemental responses to Defendant's requests for production on December 13, 2011.

Following an unsuccessful telephone conference on December 8, 2011, Defendant filed the instant motion on December 16, 2011.[1]

## II.  Interrogatories in Dispute

Defendant served a separate First Set of Interrogatories on each Plaintiff.  In its present motion, Defendant seeks an order compelling Plaintiffs to provide complete answers to 11 interrogatories served on James Riley and 10 interrogatories served on Margaret Riley.  The interrogatories at issue seek information that can be grouped into the following four general categories:  (A) Plaintiffs' medical history, (B) any claims for disability or worker's compensation and benefits, (C) specifics relating to the basis for Plaintiffs' damages claims, and (D) other car accidents.

### A.  Interrogatories Related to Plaintiffs' Medical History

Defendant served each Plaintiff with two interrogatories concerning their past medical history. Defendant served identical versions of Interrogatory No. 5 on both Plaintiffs, requesting the identity of their health care providers for the past 20 years.  Defendant also served each Plaintiff with identical interrogatories – Interrogatory No. 21 to James Riley and No. 19 to Margaret Riley – requesting information on any injuries requiring medical treatment.

#### 1.  Interrogatories Seeking Identity of Plaintiffs' Health Care Providers - Interrogatory No. 5

Interrogatory No. 5 ask each Plaintiff to "[i]dentify *each and every* health care provider (including, *but not limited to,* physicians, psychologist, psychiatrists, chiropractors, physician's assistants, nurses, or counselors) [Plaintiffs have] consulted or been treated by in the last twenty

---

[1] Plaintiffs do not suggest in their briefing, nor does the Court find, that Defendant's conferring attempts were insufficient under Fed. R. Civ. P. 37(a)(1) or D. Kan. Rule 37.2.

(20) years" (emphasis added).  Plaintiffs object to these interrogatories as being overly broad and unduly burdensome. They further object that the interrogatories are not limited in scope and to the injuries claimed in their complaint. In their response brief, Plaintiffs propose limiting the scope of the interrogatories to the body parts that were injured in the underlying accident and for which they are claiming damages in their complaint, and to a reasonable time period, which they suggest is 10 years.

Defendant maintains that the interrogatories are appropriate and within the bounds of the discovery rules given the nature of the injuries claimed by Plaintiffs and their relationship to a myriad of Plaintiffs' known pre-existing conditions.  It argues that Plaintiffs' position that the scope of the interrogatory should be limited to 10 years and to the body parts for which they are claiming injuries is incompatible with the facts and claims in this case. Defendant contends that a 20-year time period is neither overly broad nor unduly burdensome as Plaintiffs are making substantial damages totaling more than $10 million for a broad range of injuries, disabilities, pain and suffering they claim were caused by the car accident giving rise to this action. Defendant maintains that it is entitled to review Plaintiffs' prior medical history in order to evaluate the degree to which Plaintiffs may have suffered relevant pre-existing injuries or conditions, as well as their overall health condition.  Defendant points to the post-accident medical records of Mr. Riley, which show that he weighs over 550 pounds and his medical history includes diabetes, deep venous thrombosis, chronic atrial fibrillation, obstructive sleep apnea, and severe osteoarthrosis.  Defendant also claims that both Plaintiffs were on some form of disability prior to the accident.

Although use of a potentially broad time period in a discovery request may make the request overly broad or unduly burdensome, the party resisting discovery on that ground must nevertheless provide a sufficient basis for the court to sustain such objections.[2] Merely objecting to the time period encompassed by a request for discovery does not suffice, and use of a broad time period does not necessarily make a request overly broad on its face.[3]

Plaintiffs simply state in their response to the motion to compel that the interrogatories are overly broad and unduly burdensome because they are unlimited in scope and to the injuries claimed in the complaint. This is not a sufficient basis for the Court to sustain their objections to the interrogatories. One of the primary issues in this case will be the nature and extent of Plaintiffs' damages, including whether Plaintiffs had any pre-existing medical conditions at the time of the accident. The post-accident medical records of Plaintiffs James Riley show that he was 62 years old at the time of the accident and his medical history includes chronic health conditions, which may have been present before the accident. Defendant has provided a reasonable explanation for requesting 20 years worth of health care providers for James Riley. While Defendant has not offered much explanation to justify asking Margaret Riley to identify her health care providers for the past 20 years, other than arguing that she was on some form of disability prior to the accident, it is Plaintiffs who have the burden to support their objection that the interrogatories are overly broad and unduly burdensome. Plaintiffs cite no authority for the proposition that a 20-year limitation is *per se* overly broad or any case where the court limited an interrogatory seeking the identity of health care providers to a 10-year time period. They have

---

[2] *Audiotext Commc'ns Network, Inc. v. US Telecom, Inc.*, No. 94-2395-GTV, 1995 WL 625962, at *6 n.6 (D. Kan. Oct. 5, 1995).

[3] *Id.*

further failed to show that providing the names of their health care providers for the past 20 years is unduly burdensome.

Plaintiffs also argue that the interrogatories should be limited to the body parts for which they are claiming injuries arising from the accident in this case and which are identified in their complaint. The Court rejects Plaintiffs' proposal to limit the interrogatories to the specific body parts they claim were injured in the accident and listed in their complaint. Limiting discovery to certain body parts, particularly when the Plaintiffs have themselves put their emotional and mental condition at issue, in addition to alleging physical injuries, is overly restrictive. Mr. Riley's post-accident medical records indicate that he sustained a fall fifteen years ago that still requires his use of crutches. There is no question that this fall would be just as relevant to Defendant's defense if that injury was to his ankles or feet (which are not on Plaintiffs' proposed list) as it would be if it was to his hips or legs (which are listed in Plaintiffs' proposed limitations).

The Court therefore overrules Plaintiffs' overly broad and unduly burdensome objections to each Interrogatory No. 5. Defendant's motion to compel as to these interrogatories is granted.

### 2. Interrogatories Seeking Other Injuries Requiring Medical Treatment - Interrogatory No. 19 to Margaret and No. 21 to James

Interrogatory No. 19 to Margaret and No. 21 to James respectively ask whether they "have *ever* been injured such that [they] ever required medical treatment of any kind." (emphasis added). For each injury, Plaintiffs are asked to "state the date of the incident, nature of the incident, nature of the injury, medical treatment provided, and the name(s) and address(es) of the medical provider(s)." Plaintiffs object to the interrogatories as overly broad, unduly burdensome, and unlimited in time, scope, and without regard to the injuries claimed in the

6

complaint.  They propose limiting the scope of the interrogatories to medical consultations in the previous 10 years concerning the same body parts that were injured in the underlying accident.  Defendant opposes this suggestion and denies that the interrogatory is overly broad or unduly burdensome, arguing that it has a general right to review Plaintiffs' prior medical history to evaluate relevant pre-existing injuries or conditions.

The Court agrees with Plaintiffs that these interrogatories are facially overly broad because they lack any limitation either by the subject matter such as type of injury or medical treatment, severity of injury, type of provider, or other limitation such as a certain time period or body part.  As written, the interrogatories seek information concerning "every" injury ever sustained by Plaintiffs since birth, without limitation as to the severity or type of health care needed or the level of practitioner from whom it was sought.  Nor do the interrogatories have any temporal limitation, such as limiting to the last 20 years as used in Interrogatory No. 5.  The Court therefore sustains Plaintiffs' overly broad objections to these interrogatories and limits the scope of these interrogatories to injuries requiring hospitalization or extensive medical treatment during the last 20 years.  Plaintiffs shall serve amended answers to Interrogatory No. 19 to Margaret and No. 21 to James, but limited to injuries requiring hospitalization or extensive medical treatment during the last 20 years.

### B. Interrogatories Related to Plaintiffs' Claims for Disability or Worker's Compensation and Benefits - Interrogatory Nos. 6 and 8

Interrogatory No. 6 served on each Plaintiff asks whether they "have ever applied for or sought any Social Security or any other disability benefits (state, federal, or private carrier), and if so, identify when, where, with what agency or entity, and the result (e.g. benefits awarded, denial, etc.)." Interrogatory No. 8 asks whether Plaintiffs "have ever applied for or sought any

7

claims for worker's compensation benefits (e.g. OWCP, FECA), and if so, for each such claim, please state the date, case number, and outcome of [the] claims (e.g. benefits awarded, denial, etc.)." Plaintiffs object to these interrogatories as being overly broad and unduly burdensome. They further object that the interrogatories are unlimited in scope and to the injuries claimed in their complaint.

Defendant counters that the interrogatories are narrowly framed to include only certain kinds of disability claims, which are specifically relevant because Plaintiffs' medical history indicates that both have either filed previous disability claims or were on disability at the time of the accident. Because the interrogatories seek to reveal information about prior injuries, the scope of the interrogatories is reasonable and relevant under the broad standard contained in Fed. R. Civ. P. 26(1)(b). Further, the lack of time constraint may pose an oppressive burden to Plaintiffs, irrespective of whether few claims exist in Plaintiffs' medical histories. Defendant argues that, if an extensive history exists, it would be highly relevant to Defendant's defense.

The interrogatories ask Plaintiffs whether they have ever applied for or sought disability or worker's compensation benefits, and, if so, to provide certain information.  Although the interrogatories are limited to Plaintiffs' discrete events of applying for disability or worker's compensation benefits, the Court finds that they are facially overbroad and should be limited to a reasonable time period, which the Court finds to be the last 20 years.  Plaintiffs' overly broad objections based upon the lack of any time restriction are therefore sustained.  The remainder of their objections, including the objections based upon the failure to limit the scope of specific body parts and objections that responding to the interrogatories would be unduly burdensome, are overruled.  Defendant's motion to compel as to Interrogatory Nos. 6 and 8 is granted, except

that these interrogatories are limited to disability or worker's compensation benefit claims in the last 20 years.

### C. Interrogatories Related to Plaintiffs' Damages Claims - Interrogatory Nos. 9 and 12-16

Defendant's Interrogatory Nos. 9 and 12-16 seek to ascertain the basis and value asserted of Plaintiffs' damages claims. For example, identical versions of Interrogatory No. 9 ask each Plaintiff to:

> a) State the specific amount of money you are seeking associated with pain and suffering; b) Describe in detail the pain you have experienced since the injury; c) Describe in detail the pain you are currently experiencing; and d) Describe in detail the pain you expect to experience in the future.

The interrogatories relating to disability (No. 12), emotional damages (No. 13), loss of consortium (No. 14), disfigurement (No. 15), and any other damages not otherwise listed (No. 16) have similar constructions, in that they request Plaintiffs to describe the pain associated with the injuries and the dollar amount associated with the injuries. Interrogatory Nos. 12, 15, and 16 also ask Plaintiffs to describe the manner in which the damages figure was calculated. Interrogatory Nos. 13 and 14 ask Plaintiffs to describe the medical treatment sought for their conditions.

Plaintiffs object to these interrogatories as overly broad, unduly burdensome, and seeking to set forth additional requirements not authorized by the Federal Rules of Civil Procedure. They also object that the interrogatories seek attorney mental impressions protected by the work product doctrine. Plaintiffs then refer Defendant to their initial and supplemental disclosures under Fed. R. Civ. P. 26(a)(1). In their response to the motion to compel, Plaintiffs argue that the interrogatories are improper contention interrogatories. Requiring them to answer would be

the equivalent of their providing Defendant with a "skeletonized brief on the facts and law." Answering the interrogatory would require them to sift through facts and documents to determine matters of law and have the case "be tried at the discovery stage rather than at trial." Further, Plaintiffs assert that they have already provided Defendant with a computation of their damages pursuant to Rule 26(a)(1) via "comprehensive Medical Outlines" that include an itemization of their medical bills to date, and which will continue to be supplemented as their treatment continues. Plaintiffs claim they have stipulated that they are not making a past, present, or future wage loss claim. By asking for an itemization of their non-economic damages, Defendant is attempting to set forth additional requirements not authorized by the Federal Rules of Civil Procedure or Kansas law. Finally, in the event the Court requires them to answer these interrogatories, Plaintiffs request they be given 30 days after the discovery deadline to serve their answers to these interrogatories.

Defendant contends that the interrogatories are neither overly broad nor unduly burdensome. They are merely requesting a description of Plaintiff's injury and damage claims as is already required under Rule 26(A)(1)(a)(iii). Defendant further argues that Plaintiffs' reference to their initial disclosures in their interrogatory answers does not comply with Rule 33(b). Defendant further argues that these initial disclosures are incomplete and unresponsive since they address only 11% of Plaintiffs' $10.6 million claim.

Defendant's interrogatories are permissible. Under Rule 33(a)(2), a party may serve interrogatories to "relate to any matter that may be inquired into under Rule 26(b)," and an interrogatory is "not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact." The commentary to the 1970 Amendments to

Rule 33 identified a trend towards permitting "factual" opinions, and further noted that contention interrogatories that call for the application of law to fact "can be most useful in narrowing and sharpening the issues, which is a major purpose of discovery."[4]

The Court also finds Plaintiffs' objections that the interrogatories seek attorney mental impressions protected by the work product doctrine unavailing. In the context of a work product objection to an interrogatory, this Court has held that unless the interrogatory (1) specifically inquires into an attorney's mental impressions, conclusions, or legal theories, or (2) asks for the content of a document protected as work product, it is inappropriate to raise a work product objection.[5] The work product doctrine also does not provide any protection for "facts concerning the creation of work product or facts contained within work product." The party asserting the objection to an interrogatory has the burden of establishing that the information sought is protected by the work product doctrine.[6] Mere allegations that the work product doctrine applies are not sufficient.[7]

Plaintiffs claim that the method of calculating damages constitutes privileged "mental impressions" of their attorney. They have, however, failed to substantiate that claim. Their mere conclusory statements do not suffice.[8] Plaintiffs have failed to meet their burden of showing that the interrogatories seek protected attorney opinion work product. Their work product objections are therefore overruled.

---

[4]Fed. R. Civ. P. 33(b) advisory committee's note (1970 Am.)

[5]*Pouncil v. Branch Law Firm*, 277 F.R.D. 642, 649 (D. Kan. 2011).

[6]*Id.* (citing *Resolution Trust Corp. v. Dabney*, 73 F.3d 262, 266 (10th Cir. 1995)).

[7]*Id.*

[8]*See Audiotext Commc'ns*, 1995 WL 625962, at *10 (conclusory statements that damages calculations prepared at the request of attorneys contain mental impressions and trial strategies of counsel did not suffice to establish work product).

Finally, the Court overrules Plaintiffs' prematurity objections. Plaintiffs argue that the nature of their ongoing treatment justifies a delayed response, as information continues to be compiled. The mere fact that there may be additional information in the future is no reason to refuse provision of the information possessed in the present. Under Rule 26(e), Plaintiffs have a continuing duty to supplement their interrogatory answers as information becomes available. Defendant's motion to compel answers to Interrogatory Nos. 9 and 12-16 is granted.

### D.     Interrogatories Related to Other Car Accidents - Interrogatory No. 20

Defendant's Interrogatory No. 20 to James Riley, asks:

> If you have ever been involved in a car accident, other than the one described in the complaint initiating this action, please: a) Describe the accident(s) in detail; b) State the date(s) the accident(s) occurred; c) Identify the location(s) of the accident(s); d) State whether you made a claim against an insurance company, or any other party as a result of the accident(s); e) State whether a claim was made against you, or your insurance carrier as a result of the accident(s); and f) State whether you reached a private settlement agreement or other agreement with any other party as a result of the accident(s).

Plaintiffs object to this interrogatory on the grounds it is overbroad, unduly burdensome, unlimited in time, scope and without regard to the injuries claimed in the complaint. They suggest that it should be limited to the past 10 years and to the body parts injured and outlined in their complaint.

Defendant argues that Interrogatory No. 20 is neither overbroad nor unduly burdensome. Both Plaintiffs in this case are making substantial damage claims for a broad range of injuries, disabilities, and pain and suffering they claim were caused by the accident. As such, Defendant claims it is entitled to review the Plaintiffs' accident history in order to evaluate the degree to which the Plaintiff may have suffered relevant preexisting injuries or conditions, and whether Plaintiff's driving history may be relevant.

Although the interrogatories are limited by their subject matter to other car accidents, the Court agrees with Plaintiffs that the interrogatory's lack of a time limitations makes it facially overbroad. The Court will therefore limit it to a reasonable time period, which the Court finds to be the last 20 years. Plaintiffs' overly broad objection based upon the lack of any time restriction is therefore sustained. The remainder of their objections, including the objection based upon the failure to limit the scope to specific body parts and objection that responding to the interrogatory would be unduly burdensome, are overruled. Defendant's motion to compel as to Interrogatory No. 20 to James Riley is granted, but the interrogatory is limited to car accidents occurring in the last 20 years.

## III.     Requests for Production in Dispute

Defendant also seeks to compel Plaintiffs to comply with First Request Nos. 4-7 and 9 served upon James Riley, and Request Nos. 3-6 and 8 served upon Margaret Riley. All of these requests ask Plaintiffs to sign an authorization form releasing various classes of Plaintiffs' records. Request No. 3 (Margaret) and 4 (James) seeks a signed release for medical records, insurance records, and related information. Request No. 4 (Margaret) and 5 (James) seeks a release for social security records. Request No. 5 (Margaret) and 6 (James) seeks a release for their employment records. Request No. 6 (Margaret) and 7 (James) seeks a release for their unemployment and worker's compensation records. Finally, Request No. 8 (Margaret) and 9 (James) seeks a release for their Medicare and Medicaid records.

Plaintiffs object that these production requests are irrelevant, overbroad, unduly burdensome, or not calculated to lead to the discovery of admissible evidence. They are completely unlimited in time and scope. This could potentially require Plaintiffs to release drug

13

and alcohol treatment records or information dating back to their very first paid employment, both of which unreasonably violate Plaintiffs' privacy and have no relevance to the case at hand, particularly when no past, present, or future wage loss claim is being pursued.  For their part, Defendant argues that these releases are proper, not only because the information contained in the documents would be highly relevant to Defendant's defense, but also because Plaintiff has asked for similar records from Defendant's employee. Thus, Defendant seeks an order from this Court compelling Plaintiffs to provide the requested signed authorization forms.

This Court has previously addressed the propriety of compelling parties to provide signed release authorizations, and concluded that Rule 34 provides no basis for doing so.[9] Rule 34 allows a party to "serve on any other party a request within the scope of Rule 26(b)", including production requests that permit the requesting party "to inspect, copy, test, or sample . . . [documents] in the responding party's possession, custody, or control." Nowhere in Rule 34 is there a provision "requiring a party to sign a release or authorization so that the requesting party may obtain a document directly from a non-party."[10]

Defendant has not asked Plaintiffs to produce the medical, employment, or Medicare records in Plaintiffs' possession or control, as Rule 34 would allow. Instead, they have asked Plaintiffs to execute a release allowing Defendant to obtain these records from a non-party custodian. As discussed in the *Shaw* and *Becker* cases, this is improper.  Defendant should instead first attempt to obtain the documents by either a request for production of the documents under Rule 34 or a subpoena under Rule 45.

---

[9] *See, e.g. Becker v. Securitas Sec. Servs. USA, Inc.*, No. 06-2226-KHV-DJW, 2007 WL 677711 (D. Kan. Mar. 2, 2007)*; Shaw v. Mgmt. & Training Corp.*, No. 04-2394-KHV-DJW, 2005 WL 375666 (D. Kan. Feb. 9, 2005).

[10] *Becker*, 2007 WL 677711, at *2.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel Discovery (ECF No. 38) is granted in part and denied in part. The motion is granted as to First Interrogatory Nos. 5-6, 9, and 12-16 to James Riley and Interrogatory Nos. 5-6, 9, and 12-16 to Margaret Riley. The motion is denied as to First Requests for Production Nos. 4-7 and 9 to James Riley and First Request Nos. 3-6 and 8 to Margaret Riley.  For Interrogatory Nos. 8 and 19 to Margaret Riley and Nos. 8 and 20-21 to James Riley, the motion is granted in part and denied in part.  Plaintiffs shall serve amended answers to Interrogatory No. 19 to Margaret Riley and No. 21 to James Riley, but limited to injuries requiring hospitalization or extensive medical treatment during the last 20 years.  Interrogatory No. 8 to James Riley, Interrogatory No. 8 to Margaret Riley, and Interrogatory No. 20 to James Riley are also limited to a 20-year time period.  All discovery ordered to be produced herein shall be produced **within 30 days of the date of this Memorandum and Order.**

**IT IS FURTHER ORDERED** that Plaintiffs' request for a 30-day extension of time beyond the discovery deadline to respond to Defendants' interrogatories related to damage calculations is denied.

**IT IS FURTHER ORDERED** that Defendant's request for the discovery deadline to be extended by 60 days is found to be moot.  The Court has already ruled on the parties' separately filed joint motion for modification of the scheduling order (ECF No. 50) and extended the discovery deadline by 30 days.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 12th day of April, 2012.

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge
